# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| ADIL ENNASSIRY | * | CIVIL ACTION NO. 08-0748<br>Section P |
| VERSUS | * | JUDGE JAMES |
| DALE DAUZAT | * | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* filed by *pro se* petitioner, Adil Ennassiry, pursuant to 28 U.S.C. § 2241. Petitioner filed this petition on May 23, 2008, challenging his continued detention since issuance of a November 19, 2007, final order of deportation. At the time he filed his petition, petitioner was in the custody of the Department of Homeland Security/Bureau of Immigration Customs Enforcement (DHS/ICE). He was detained at the Tensas Parish Detention Center, Waterproof, Louisiana awaiting removal to his native country.

## STATEMENT OF THE CASE

Relying on *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491 (2001), petitioner argued that his continued detention violated his constitutional rights. The government was served and in due course filed a response and supplemental response. [doc. #s 10 & 13]. In its supplemental response the government alleged (and provided sufficient proof in support thereof) that on September 16, 2008, the government effected petitioner's removal from the United States. (Decl. of Kathleen Meehan; Suppl. Memo., Exh. 1).

## LAW AND ANALYSIS

The undisputed evidence before the court establishes beyond any doubt that the petitioner

is no longer in custody. Further, the record before the court establishes that the petitioner has demanded only his immediate release throughout these proceedings. Therefore, in light of his removal, the undersigned concludes that petitioner's *habeas* challenge to post-removal-order detention is now moot and should be dismissed.

Therefore

**IT IS RECOMMENDED** that the Petition for Writ of *Habeas Corpus* be **DENIED and DISMISSED WITHOUT PREJUDICE** as moot.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 28th day of October, 2008.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE